IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WARREN WILLIAMS, #M-40803, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-01289-JPG-SCW |
| ) | |
| ARBUCKLE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 24) of Magistrate Judge Stephen C. Williams recommending that this Court deny Plaintiff Warren Williams' Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 4). The Plaintiff filed objections to the R & R (Doc. 27) in a timely manner.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Plaintiff has filed objections, so this Court will review *de novo* those portions of the R & R to which objections have been filed. Plaintiff is seeking an order prohibiting defendants from serving him eggs and beans in his meals thereby placing his personal safety in jeopardy or an order transferring him to a prison that will adequately treat his medical needs. (Doc 4). The plaintiff objects to the R & R stating that the Magistrate Judge's finding that improper food trays

were an "isolated incident" was incorrect as he has received improper food tray beyond the specific dates provided for in his request for injunctive relief. Plaintiff also objects to the R & R finding that he has not suffered any lasting or permanent harm, because Plaintiff believes that such a determination should only be made by medical and/or psychiatric personnel.

The Plaintiff also objects to the R & R finding that he can visually inspect his own trays as beans and eggs can be contained in food without being visually apparent. Finally, Plaintiff objects to the R & R finding that he was properly treated by the health care unit because he believes that the Magistrate Judge does not have sufficient information to make that determination. Further, Plaintiff states that he should not have to wait until actual harm occurs in order to obtain injunctive relief.

The Court agrees that Plaintiff is not required to wait until actual harm occurs in order to be awarded injunctive relief and the Court acknowledges that an allergic reaction to food can place an individual in immediate danger. However, Plaintiff has failed to make a clear showing that he will suffer an irreparable harm.

The United States Court of Appeals for the Seventh Circuit has described injunctions like the one sought here, which would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio,* 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.*, *citing Jordan v. Wolke,* 593 F.2d 772, 774 (7th Cir. 1978). *See also W.A. Mack, Inc. v. Gen. Motors Corp.,* 260 F.2d 886, 890 (7th Cir. 1958).

The courts will ordinarily defer to the judgment of prison administrators on matters

regarding prison management issues. *See Overton v. Bazzetta,* 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them").

It is clear that Plaintiff has a medical determination of a, "No Beans, No Egg" diet and that the Defendants are aware of Plaintiff's special dietary needs. It further appears that Defendants are attempting to accommodate Plaintiff's diet – although the evidence presented does indicate that the Defendants need to take greater care in ensuring that the Plaintiff does not receive beans or eggs in his meal. At this time, however, the incidents of the Plaintiff receiving improper meals does not rise to the high showing for injunctive relief.

It is noted that #4 of Plaintiff's objections (Doc. 27), states that the Magistrate Judge disregarded Plaintiff's request for appointment of counsel. Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is still pending before this Court and a determination on the motion will be forthcoming.

For the foregoing reasons, the Court **ADOPTS** the Report & Recommendation (Doc. 24) in its entirety and further **DENIES** Plaintiff's Motion for Preliminary and/or Temporary Restraining Order (Doc. 4).

**IT IS SO ORDERED.**

**DATED:** 2/12/2015

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**