IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WARREN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-01289-JPG-SCW |
| ) | |
| ARBUCKLE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 89) of Magistrate Judge Stephen C. Williams recommending that this Court deny in part and grant in part Defendant Rick Densmore's Motion (Doc. 80) for Summary Judgment. Defendants Arbuckle and Horvey also filed a Motion (Doc. 78) for Summary Judgment which the Court construed, and granted, as a Motion to Join Defendant Densmore's Motion for Summary Judgment. Plaintiff filed a timely objection to the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court has received an objection to the R&R and will review *de novo* those portions of the report to which an objection has been made.

The Plaintiff is currently out on parole, but filed this matter while incarcerated at the Lawrence Correctional Center. The Plaintiff is extremely allergic to beans and eggs and the Complaint states that the Lawrence Correctional Center refused to provide him a no beans/no eggs diet.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

In this matter, Defendants claim that the Plaintiff failed to exhaust his administrative remedies prior to filing suit. The R&R lays out the grievance procedures for exhaustion of

administrative remedies and it will not be repeated here.

Plaintiff objects to that portion of the R&R recommending dismissal of Plaintiff's claims against Defendants Horvey and Densmore for failure to exhaust. He states that he exhausted, "the remedies that were available to him prior to filing suit" and that "his grievances were delayed by his grievance counselor" making the process unavailable. Further, he argues that he was informed that since his grievance was affirmed, he could not appeal and he only provided the ARB a copy of the July 4, 2014 grievance to supplement his prior appeals. (Doc. 90, pg. 3&4).

The R&R states, that "[t]here are some hints in the record that the counselor may have misreported the date he received the grievance." However, the R&R notes that regardless of whether the grievance may have been improperly dismissed for untimeliness, "the ARB did not respond to the grievance until November 22, 2014" which is three days *after* the Plaintiff filed suit.

If, as the Plaintiff claims, he was informed that he could not appeal an affirmed grievance, and given that there is some question with regard to the date provided by the grievance counsel, the Court believes there is enough to indicate a genuine dispute as to a material fact with regard to exhaustion.

Finally, with regard to Defendant Duncan, the Plaintiff objects to Defendant Duncan being dismissed with prejudice since the Motion for Summary Judgment (Doc. 80) was filed solely on behalf of Defendant Densmore and the Plaintiff did not have an opportunity to respond to a dismissal request. The Court agrees that Motion for Summary Judgment does not mention Defendant Duncan; however, the Court only allowed claims against Duncan, "in his official

capacity for purpose of injunctive relief." (Doc. 6, pg 7).  Plaintiff is no longer incarcerated and injunctive relief is no longer available.  However, because Plaintiff did not have an opportunity to file a response, the Court will modify the R&R to dismissal without prejudice.

According, the Court **ADOPTS** the Report & Recommendation (Doc. 89) as **MODIFIED**.  Defendant Rick Densmore's Motion (Doc. 80) for Summary Judgment is **GRANTED** in part and **DENIED** in part.  Defendant Duncan is **DISMISSED** without prejudice and this matter will proceed against Defendants Artbuckle, Horvey and Densmore.

**IT IS SO ORDERED.**

**DATED:**  1/21/2016

> *s/J. Phil Gilbert*
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**